IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PAUL A. KABBA | * | |
| 1500 Northern Lights Drive | * | |
| Upper Marlboro, MD 20774 | * | |
| | * | |
|    PLAINTIFF | * | Complaint for Employment Discrimination |
| | * | |
| V | * | Case No: 8:17-cv-00211 |
| | * | |
| RENT-A-CENTER | * | Jury Trial Demand |
| 5840 SILVERHILL ROAD | * | |
| FORRESTVILLE, MD 20774 | * | |
| | * | |
|    DEFENDANT | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLAINT

Americans with Disabilities Discrimination,
Race/Color Discrimination; and National Origin Discrimination

I. INTRODUCTION

1.  Plaintiff Paul A. Kabba, brings this civil action against Defendant Rent A Center, pursuant to the Civil Rights Act of 1964 as amended, 42 USC. Section 2000e, ("Title VII"); the Civil Rights Act of 1866, as amended 42 U.S.C. §1981 ("Section 1981"); Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act of 2008, codified, 42 U.S.C. §§ 12112 to 12117, (hereinafter "ADA"), Maryland Statute Md. Ann. Code Art. 49B §16, and Prince George's County Code §2.185. Mr. Kabba asserts that because of his disability due to serious injuries from armed robbers, race (African), color (black), national origin (Sierra Leone) he was discharged from his position as manager, rehired as a manager and then fired the

same day. Plaintiff asserts that even though he was better qualified for the position he was discharged due to his disability.

## II. JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 28 U S C §1331. This action is authorized and instituted pursuant to Section 706(f) of Title VII, 42 U.S.C. §200e-5(f); and 42 U.S.C. §1981 as amended. XXXXXX Mr. Kabba timely files this complaint after exhausting his administrative remedies at the Equal Employment Opportunity Commission (hereinafter "EEOC"), pursuant to EEOC's regulations at 29 C.FR. §1614.

## III. VENUE

3. Venue is proper in this judicial district because Plaintiff is domiciled at 1500 Northern Lights Drive, Upper Marlboro, Prince Georges County, Maryland MD 20774, and was employed by Rent A Center (hereinafter "RAC"), 5840 Silver Hill Road, Forestville, Prince Georges County Maryland 20774, and all events that give rise to the claim in this Complaint took place in this jurisdiction.

## IV. PARTIES

4. Mr. Kabba is 61-year-old citizen of the United States, a resident of the State of Maryland, and a national of Sierra Leon. At all times relevant to the Complaint the Plaintiff was employed by Rent-A-Center.

5.      Defendant RAC is a Maryland Corporation, with headquarters in Plano Texas, doing business in all 50 States of the Union, including Canada, Mexico and Puerto Rico. Robert D. Davis its President is responsible for its personnel actions and practices. RAC employs over 20 thousand employees and derives revenue of 3.27 billion dollars as of 2015.

## V.  STATEMENT OF CLAIM

6.      Mr. Kabba asserts that because of his disability from serious injuries from armed robbers, race (African), color (black), national origin (Sierra Leon) he was discharged from his position as Manager, rehired as a Manager and then fired the same day by Defendant. Plaintiff asserts that even though he was better qualified for the position he was discharged due to his disability. Plaintiff claims Defendant is liable for violating the Civil Rights Act of 1964 as amended, 42 USC. Section 2000e, the Civil Rights Act of 1866, as amended 42 U.S.C. §1981 ("Section 1981"); and Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act of 2008, codified, 42 U.S.C. §§12112 to 12117, Maryland Statute Md. Ann. Code Art. 49B §16, and Prince George's County Code §2.185.

## VI. STATEMENT OF FACTS

7.      On March 26, 1996, Defendant hired Mr. Kabba as a Sales Representative (SR). This entry level position required exceptional customer service expertise with the goal of obtaining new business. As an SR Mr. Kabba was required to be courteous, to greet customers on the sales floor, obtain new rental orders by phone or on the floor and tele market. His other duties included maintaining the store and the show room, among other things. Due to Mr.

Kabba's outstanding performance, his store retained its customers and increased its customer base by 20%. Mr. Kabba was promoted to Sales Manager/ Assistant Manager in six months.

8. As the Assistant Manager, Mr. Kabba developed Fair Collections practices, developed staff with communication skills and execution, and his store consistently met RAC's collections standards of 5.5%. Defendant promoted Mr. Kabba to Store Manager within twenty eight (28) months. Even though Mr. Kabba was assigned the Forestville Store (#1605), (a poor performing store), he transformed it to an award gem, receiving the prestigious "Chairman Award of Excellency". The Store also attained a 25% plus profit seven years in a row, from 2001 to 2008.

9. As the Manager, Mr. Kabba duties included managing and coaching staff, managing inventory and rental accounts, implementing sales, invented the "All Accountable (AA) inventory system, coached accountability and performed physical inventory count daily. Minimized losses and theft, missing items reduced by 18% in the first year which gained incremental sales and market penetration by 20% in twelve months.

10. For his exemplary job Mr. Kabba was awarded the "Big Dog" Award, belongs to the "Million Dollar" Club, and obtained the exclusive prestigious "Chairman Award of Excellency" in 2004.

11. Mr. Kabba's duties as Manager also included daily transportation of cash receipts to the bank. On several occasions Mr. Kabba complained to management about the dangers associated with transporting cash receipts from his store to the bank. He informed management that the neighborhood was dangerous and suggested that cash be picked up by Loomis Fargo or another company to avoid robbery. These reports, request and suggestions were ignored by management.

12.     On June 2, 2008, just as Mr. Kabba feared, he was robbed with a gun and assaulted outside the premises of RAC in Forestville, Maryland, while transporting RAC money to the bank.  Mr. Kabba was struck on the head with a gun barrel, slammed to the ground, stomped, kicked and punched on the head, and left to bleed to death.  Bystanders ran for their lives while the robbers had escaped with the RAC money.  The robbers were later caught by a police helicopter, charged and sentenced for their crimes.

13.     Mr. Kabba was transported by police to the ER at Southern Maryland Hospital, were he was diagnosed with multiple contusions, spine and lower back injuries, lower extremities injuries and post traumatic disorder.

14.     Mr. Kabba has been treated by multiple physicians and medical professionals including; physical therapists, chiropractors, occupational therapists and others.  Mr. Kabba has received treatment for lumber medial branch nerve Rhizotomy for his right side, lower back pain, and epidural steroid injection and treatment for the sacroiliac joints at the Spine Center because of the injuries he received in the service to RAC.

15.     Mr. Kabba has also received surgery for a torn meniscus and lumber laminectomy, and treatment for his lower extremities including his right knee which was crushed.  Mr. Kabba continues to have functional limitations with his right hip, lower back and the right knee which causes chronic pain and disability.  Mr. Kabba continues to have routine treatment, therapy and injections due to the 2008 incident.  Mr. Kabba's medical health shows worsening L3, L4/L5 and L5/S1 level with abutment of the descending L4 and L5 nerve roots.  It also shows bulging Annul I L3-4 and L4-5 with slight narrowing of the Neural Foramina Bilaterally at these two levels.

16.     Mr. Kabba is also suffering Post Traumatic Stress Disorder (PTSD) having to deal with depression and anxiety.  He experiences sleeplessness; wake up in cold sweats, and other medical disabilities.  Mr. Kabba has been diagnosed with <u>permanent impairment disability</u>, and is on Celexa and Xanax.

17.     Defendant advised Mr. Kabba to return to work after he recovers from his injuries.  Mr. Kabba returned to work in February 2013, and was happily welcomed by Mr. Phillip Williams the District Manager.  Mr. Williams assigned Mr. Kabba his former Employee Number 15765, based on his performance and achievements for RAC.   He also assigned Mr. Kabba to resume work at the Oxon Hill Store on March 1, 2013.  When Mr. Kabba arrived at the Oxon Hill Store, he was received by Mr. Terrence Link the Store Manager, and Mr. Phillip Williams.

18.     When Mr. Kabba arrived at 8:15 AM on March 1, 2013, he signed in, worked on the show room merchandizing, displayed inventory, assisted customers (explain product futures and filling out order forms), reviewed transaction audit trails and receipts/collection audit trails, budget review, inventory and telemarketing.  Thereafter, at about 6:15 PM, Mr. Terrence Link told Mr. Kabba to go and help him pick-up a bedroom set (including a king size dresser, night stands, chest, headboard and footboard, mirror, and Mattress) which was located on the third floor with a narrow three flights of stairs. Mr. Link stressed the fact that the mattress was at a tight spot.  Mr. Kabba told him that he would have loved to help but he had medical restrictions and limitations on heavy lifting, and going up and down stairs carrying heavy objects.  Mr. Link requested the medical records, and Mr. Kabba gave it to him.

19.     Mr. Link then called Mr. Williams and informed him of Mr. Kabba's medical restrictions.  At about 6:45 PM, before the close of business, Mr. Williams called and spoke to

Mr. Kabba. When Mr. Kabba answered the phone, Mr. Williams told him "I have to send you home". When Mr. Kabba asked why, Mr. Williams stated "I will not have you there when you are not 100% and I want you to leave now".

20.     Mr. Kabba pleaded with Mr. Williams, "I need this job and I have worked for this company since 1996 faithfully, additionally, my administrative separation was due to the encounter I experienced on June 2, 2008, while I was on my way to the bank to make the daily deposit". Mr. Williams responded "I know all that but I want you to leave now, and that's the way it is". Mr. Kabba pleaded further "I really need my job back", and Mr. Williams responded "I am sorry but I want you to leave now". Mr. Williams was ordered out of the store in tears, and called his wife for a ride home.

21.     Title I of the ADA, the employment provisions, prohibits discrimination against qualified individuals with disabilities in the private sector and state and local governments. Under the ADA, employers are required to make "reasonable accommodations" for workers with disabilities as long the employee is able to perform the essential job functions and the accommodation does not pose an "undue hardship" to the business. RAC failed to comply with the requirements of the law.

VII Exhaustion of Federal Administrative Remedies

22.     Mr. Kabba filed his Charge of Discrimination regarding the Defendant's alleged discriminatory conduct with the Equal Employment Opportunity Commission (hereinafter "EEOC") on July 31, 2013. On June 17, 2016, the EEOC issued a Letter of Determination concluding that defendant violated the ADA. After exhaustion of Federal Administrative Remedies, the EEOC issued a Right to Sue letter on October 28, 2016, giving Plaintiff the right

to sue within 90 days from the date of the receipt of the letter.   Plaintiff has timely filed his complaint this 23, day of January 2017.

## VIII CERTIFICATION

23.   Certification and Closing  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## X.  RELIEF SOUGHT

24.   WHEREFORE, Mr. Kabba seeks judgement against Defendant for violations of the Title VII, the ADA, Maryland Statute Md. Ann. Code Art. 49B §16, and Prince George's County Code §2.185; and order Defendant to restore Plaintiff to his position, order back pay, front pay, compensatory damages, punitive damages, pay medical expenses, attorney's fees, expert witness fees, court costs and any other relief that the Court deems reasonable in the interest of justice.  Plaintiff demands judgment against Defendant in the amount of One Million, Two Hundred Thousand ($1,200.000) dollars in compensatory damages, and Ten Million ($10,000,000) Dollars in punitive damages.

Respectfully Submitted,

_____/S/_____
Rev. Uduak James Ubom, Esquire, Bar #13936
Ubom Law Group, PLLC
7600 Georgia Ave., NW, Suite 410
Washington, DC 20012
Telephone: 202-723-8900
Fax: 202-723-5790
ubomlawgroup@yahoo.com